**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | Case No. 22-cr-144-GMH |
| | : | |
| RICHARD GUSTAVE OLSON, JR. | : | |
| | : | Judge G. Michael Harvey |
| | : | |
| Defendant. | : | |

**AMB. OLSON'S CONTESTED MOTION TO CONTINUE**
**PLEA HEARING AND REQUEST FOR A HEARING ON THIS MOTION**

Comes now Richard Gustave Olson Jr., through counsel HANNON LAW GROUP, LLP, and respectfully moves this Honorable Court to continue the plea hearing now scheduled for this Friday, May 27, 2022, at 2:00 p.m. We sought consent to this motion from government counsel earlier today, and the government does not consent. In light of the government's email response to our request, which is attached as Exhibit B, Amb. Olson requests that the Court hold a hearing on this motion on Friday, May 27, 2022, at 2:00 p.m., the date currently scheduled for the plea hearing.

In support of this, undersigned counsel states the following:

**I.     A CONTINUANCE TO RESOLVE A *BRADY* ISSUE IS APPROPRIATE.**

On May 18, 2022, the Court set the plea hearing date agreed to by the parties of May 27, 2022. During Amb. Olson's initial appearance on April 26, 2022, the Court orally reminded the government of its *Brady* obligation pursuant to Fed. Crim. Pro. R. 5(f). The Court also issued a minute order, reminding the government of its *Brady* obligations. *See* Minute Order (4/26/2022) ("As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland* and its progeny. Not doing so in a timely manner

may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings.").

Counsel for Amb. Olson have continued their work on his behalf, despite having agreed to the plea in January of this year.  Because of that continued investigative work, on May 18, 2022, undersigned counsel made a *Brady* request of the government pursuant to the Court's Order, specifically requesting certain communications that counsel believe are exculpatory. Letter of J. Michael Hannon of May 18, 2022, attached as Exhibit A.  Specifically, counsel requested:

> Evidence of all communications between Gen. John R. Allen (Ret.) and any member of the United States Government regarding the events recounted in the Plea Agreement between the United States and Amb. Olson in the section entitled "Cooling Off Period Violations" at pages 7-9 of the Plea Agreement.

This *Brady* request was made because Gen. John R. Allen (Ret.) is the General referenced in the following paragraph of the factual proffer contained in the plea agreement:

> On or about June 6, 2017, defendant participated in a lobbying effort to convince the U.S. Government to support Qatar in its efforts to oppose a blockade imposed upon it by its neighbors. Defendant's aid included recruiting a retired U.S. General ("the "General") to join defendant OLSON in providing aid and advice to Qatari government officials with the intent to influence U.S. foreign policy with respect to the Gulf Diplomatic Crisis.

The General is further described as actively engaging in the "lobbying" of the U.S. Government on behalf of Qatar, an assertion which underlies the offense to which Amb. Olson agreed to plead guilty.  The *Brady* information requested would disclose that General Allen's actions may not have constituted unlawful lobbying.

2

On May 19, 2022, the government responded requesting more specificity. Counsel responded the same day that the request was for communications including email and other electronic messaging services. On May 24, 2022, the government indicated as follows:

> With regard to your request for exculpatory information, we are not aware of any exculpatory information. However, in advance of sentencing, we intend to produce to you documents related to issues relevant to sentencing. We may also share those documents with the Court.

Thus, the government apparently possesses specific information it is waiting to disclose. Undersigned counsel believes the information they seek is exculpatory and should have been disclosed by the government in advance of the final plea agreement. *See United States v. Nelson*, 59 F.Supp.3d 15 (D.D.C. 2014) (Roberts, C.J.) (denying government's Motion to Reconsider Order, which granted defendant's request to dismiss guilty plea, because government failed to satisfy *Brady* obligation prior to the plea). In the first *Nelson* opinion, Chief Judge Roberts had concluded, "because the prosecution suppressed exculpatory evidence before Nelson pled guilty, Nelson's due process rights were violated to his prejudice and his guilty plea was not voluntary and knowing." *See id.* (quoting *United States v. Nelson*, 979 F.Supp.2d 123, 135-356 (D.D.C. 2013)).

Amb. Olson's counsel seeks a continuance of his plea hearing to ensure information he is entitled to under *Brady v. Maryland* and the *Nelson* decision is provided. Therefore, Amb. Olson will promptly file a motion to compel production of the information sought while his plea hearing remains in abeyance. Amb. Olson requests this opportunity to  litigate what appears to

be a disagreement as to whether the requested information constitutes *Brady* material, or whether the government is not obligated to provide such information until after the plea.

## II.    AMB. OLSON REQUESTS A HEARING ON THIS MOTION.

Counsel earlier today by email requested whether the government would consent to this request to postpone the plea hearing.  The government responded in an email which is attached as Exhibit B.  In part, the government stated:  "CDCA [referring to Daniel J. O'Brien, AUSA for the U.S. Attorney's Office for the Central District of California, who has not entered his appearance here] is of the opinion that if the plea doesn't go forward as scheduled, the government should declare a breach pursuant to paragraph 25 of the plea agreement and pursue the remedies provided under paragraph 26."  The email further threatened that the AUSA O'Brien would file an indictment against Amb. Olson in the Central District of California if his counsel pursue this request for a postponement.

Given Amb. Olson's obvious concern that the U.S. Attorney's Office in Los Angeles might indict him for insisting on pursuing access to *Brady* material in this Court, we respectfully request that this Court schedule a hearing on this motion for the date and time currently scheduled for the plea hearing of Friday, May 27, 2022.

4

WHEREFORE, Amb. Olson requests that the Court grant this Motion for a Hearing on his Motion to Continue the Plea Hearing.

Dated: May 25, 2022                    Respectfully submitted,

                                       HANNON LAW GROUP, LLP

                                       ___*s/J. Michael Hannon*_____
                                       J. Michael Hannon, #352526
                                       Rachel E. Amster, #1618887
                                       333 8th Street, NE
                                       Washington, DC 20002
                                       Tel: (202) 232-1907
                                       Fax: (202) 232-3704
                                       jhannon@hannonlawgroup.com
                                       ramster@hannonlawgroup.com

                                       *Attorneys for Defendant Richard Gustave Olson, Jr.*

# EXHIBIT A

J. MICHAEL HANNON *
DANIEL S. CROWLEY *†‡
ANN-KATHRYN SO §†
    PARTNERS

_____

HARRISON E. RICHARDS †
KIERAN L. REILLY*
RACHEL E. AMSTER
MARK P. NOBILE
    ASSOCIATES

HANNON LAW GROUP, LLP
COUNSELORS AND ATTORNEYS AT LAW
333 8TH STREET NE
WASHINGTON, DC 20002
EST. MARCH 17, 2006

_____

T (202) 232-1907 │ F (202) 232-3704
www.hannonlawgroup.com

WILLIAM CLAYTON BATCHELOR *†
OF COUNSEL

_____

* ALSO ADMITTED IN MARYLAND
† ALSO ADMITTED IN VIRGINIA
‡ ALSO ADMITTED IN MASSACHUSETTS
§ALSO ADMITTED IN NEW JERSEY

May 18, 2022

**VIA ELECTRONIC TRANSMISSION ONLY**

Stuart Douglas Allen
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, DC 20530

Evan N. Turgeon
Trial Attorney
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

   Re: Amb. Richard G. Olson, Jr.; 1:22-cr-00144-GMH

Dear Messrs. Allen and Turgeon:

   On April 28, 2022, Judge Harvey entered a minute order, which some of us call the Emmet Sullivan order, requiring the government to produce all *Brady* evidence. Pursuant to that order, which is attached, I am writing to request the following information which we believe constitutes exculpatory evidence:

    Evidence of all communications between Gen. John R. Allen (Ret.) and any member of the United States Government regarding the events recounted in the Plea Agreement between the United States and Amb. Olson in the section entitled "Cooling Off Period Violations" at pages 7-9 of the Plea Agreement.

   Thank you for your courtesy.

      Sincerely,

      *s/J. Michael Hannon*

      J. Michael Hannon

cc: Russell D. Duncan

MINUTE ORDER as to RICHARD GUSTAVE OLSON, JR (1): As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland and its progeny. Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings. Signed by Magistrate Judge G. Michael Harvey on 4/26/2022. (bb) (Entered: 04/27/2022)

# EXHIBIT B

 Gmail

**Rachel Amster <ramster@hannonlawgroup.com>**

---

## Brady Request Letter

**Turgeon, Evan (NSD)** <Evan.Turgeon@usdoj.gov>           Wed, May 25, 2022 at 5:05 PM
To: "J. Michael Hannon" <jhannon@hannonlawgroup.com>
Cc: "Allen, Stuart (USADC)" <Stuart.Allen@usdoj.gov>, Russell Duncan <rduncan@clarkhill.com>, Rachel Amster
<ramster@hannonlawgroup.com>, "OBrien, Daniel J. (USACAC)" <Daniel.Obrien@usdoj.gov>

Mike,

We do not consent to continuing the plea hearing. The plea agreement obligates Ambassador Olson to enter his guilty plea "at the earliest opportunity requested by the USAO and provided by the Court," and we expect him to satisfy that obligation by pleading guilty on Friday.

If you intend to litigate discovery issues, a Rule 20 transfer to DDC (which is only permitted for the entry of a guilty plea) is not appropriate and the matter should be returned to CDCA for further proceedings.

CDCA is of the opinion that if the plea doesn't go forward as scheduled, the government should declare a breach pursuant to paragraph 25 of the plea agreement and pursue the remedies provided under paragraph 26. That includes filing an indictment in CDCA that includes those charges that were subject to non-prosecution and introducing at trial the factual basis accepted by Ambassador Olson.

If Ambassador Olson intends to honor his commitment to plead guilty on Friday, I propose that you work with us to identify what communications you believe exist and explain why you believe they are exculpatory as to the offenses in the criminal information. To our knowledge, General Allen had no involvement with respect to the false statement on the OGE Form 278. We believe you are likely already in possession of relevant communications from General Allen with respect to Qatar.

Evan

Evan N. Turgeon

Trial Attorney

Counterintelligence and Export Control Section

National Security Division

U.S. Department of Justice

Office: (202) 353-0176

Mobile: (202) 598-5145

---

**From:** J. Michael Hannon <jhannon@hannonlawgroup.com>
**Sent:** Wednesday, May 25, 2022 1:56 PM

**To:** Turgeon, Evan (NSD) <Evan.Turgeon@usdoj.gov>
**Cc:** Allen, Stuart (USADC) <SALLEN2@usa.doj.gov>; Russell Duncan <rduncan@clarkhill.com>; Rachel Amster <ramster@hannonlawgroup.com>; OBrien, Daniel J. (USACAC) <DOBrien@usa.doj.gov>
**Subject:** Re: [EXTERNAL] Brady Request Letter

Evan,


We maintain that the communications by General Allen which we requested under Brady are exculpatory, and should have been provided by the government to us earlier.  To the extent your response is a denial that the communications we seek are exculpatory, we reject that notion.


We are obligated to litigate this issue if the government will not provide the information requested. Therefore, we will be filing a motion today with Judge Harvey to continue the plea hearing until we have had an opportunity to litigate whether the government must provide the requested information before the plea.


Please advise me whether I may note your consent.


Mike




**J. Michael Hannon**
HANNON LAW GROUP, LLP
333 8th Street, N.E.
Washington, DC 20002
(202) 232-1907, Direct
(202) 365-5561, Mobile
(202) 232-3704, Facsimile
www.hannonlawgroup.com


[Quoted text hidden]