UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RICHARD GUSTAVE OLSON, JR.,<br><br>Defendant. | Criminal No. 1:22-cr-144-GMH |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE

In January 2022, the defendant, former Ambassador Richard Olson, entered into a plea agreement with the United States Attorney's Office for the Central District of California for offenses related to (1) making a false statement on an Office of Government Ethics Form 278 and (2) aiding and assisting the Government of Qatar with the intent to influence decisions of United States officers. This came after months of discussions between that office and the defendant. Pursuant to the plea agreement, the defendant agreed to plead guilty "at the earliest opportunity requested by the USAO and provided by the Court." Plea Agreement at 2. The case was then transferred to this Court pursuant to Rule 20 of the Federal Rules of Criminal Procedure, which allows transfer of a case when the defendant indicates his intention to plead guilty.

Now, instead of pleading guilty, the defendant wants to continue his arraignment to move to compel the production of purported *Brady* material. This he cannot do. The defendant's options in this Court are either to plead guilty and be sentenced or have the case transferred back to the U.S. District Court for the Central District of California for further litigation. Rule 20 does not permit the defendant to forum-shop his preferred jurisdiction to engage in a discovery dispute. Consequently, the present motion to continue the plea hearing so that the defendant may file a motion to compel should be denied. The defendant should be arraigned, and if he pleads guilty, be sentenced by the Court, and if he pleads

not guilty, have the case transferred back to the Central District of California.

**I.    The Defendant's Discovery Requests May Not Be Litigated in the District of Columbia**

"[R]ule 20 provides for the transfer of federal criminal proceedings solely for the purpose of pleading guilty and imposing a sentence." *United States v. Spear*, No. CR-07-00299-DAE, 2011 WL 3704967, at *15 (D. Haw. Aug. 24, 2011), *aff'd*, 577 F. App'x 726 (9th Cir. 2014); accord *United States v. Sutton*, 184 F. Supp. 3d 503, 508–09 (E.D. Ky. 2016), *aff'd*, 862 F.3d 547 (6th Cir. 2017).  Rule 20 specifies that "[i]f the defendant pleads not guilty after the case has been transferred under Rule 20(a), the clerk must return the papers to the court where the prosecution began, and that court must restore the proceeding to its docket." Fed. R. Crim. P. 20(c); *see also United States v. Black*, 25 F.4th 766, 769 (10th Cir. 2022) ("[O]nce Mr. Black decided to plead not guilty, the Western District of Missouri had to return the case to the District of Kansas for Mr. Black to stand trial.  The Western District of Missouri thus granted the government's motion to return the case to the District of Kansas and directed the clerk to immediately take all necessary steps to return this matter to the District of Kansas.").

"[C]ase law has made it clear that a court that has received a case pursuant to a Rule 20 transfer may not consider the merits of that case, including the merits of the indictment and the plea." *United States v. Torres*, 399 F. Supp. 2d 549, 552–53, 557 (S.D.N.Y. 2005) (denying defendant's request for a pre-plea mental competency examination on the ground that doing so "could improperly initiate an examination of the merits of [defendant]'s prosecution").  In *LaMagna v. United States,* for example, the defendant filed a motion in the transferee district to vacate his guilty plea for lack of factual basis and invalid indictment.  The district court denied his motion, and the Second Circuit affirmed, observing that if the defendant had previously "come forward with the allegations he now makes, which would have been tantamount to a plea of not guilty, [the district court] would have had no alternative but to return the case for trial[.]" 646 F.2d 775, 777 (2d Cir. 1981).  Similarly, in *United States v. Khan*, a district court was reversed for improperly delving into the merits of a case after a Rule 20 transfer.  822 F.2d 451, 455

2

(4th Cir. 1987) ("The unmistakable assumption underlying Rule 20 is that a transfer will occur only when a defendant first concedes criminal culpability thereby waiving any trial on the charges. The transfer is then purely for the purpose of imposing sentence.").

In this case, the defendant has stated his intent to file a motion to compel the production of documents from the government, which he claims contain exculpatory information—a contention with which the government disagrees, see below, *infra*. However, the precedent cited above makes clear that the U.S. District Court for the District of Columbia is not the proper forum to litigate such a motion, which would reopen the question of whether the defendant "concedes criminal culpability thereby waiving any trial on the charges." *Khan*, 822 F.2d at 455. If the defendant plans to seek additional discovery before entering his guilty plea, Rule 20 requires that any such litigation be brought in the Central District of California.

Consequently, the government respectfully requests that the Court arraign the defendant on May 27, 2022, as scheduled, and permit the defendant to enter a plea at that time. If the defendant honors the terms of his plea agreement and pleads guilty, the government respectfully requests that the Court calendar a sentencing date. If the defendant pleads not guilty, the government respectfully requests that the Court order that the case be transferred back to the Central District of California for further proceedings.[1]

## II.     The Materials Sought Are Not Exculpatory

The government is well aware of its *Brady* obligations and has complied with them. The government possesses no exculpatory evidence with respect to the defendant's guilt as to the charged

---

[1] If the defendant declines to enter any plea, the government respectfully requests that the Court enter a not guilty plea on his behalf.

3

offenses.[2]

The defendant's argument that the government possesses evidence that "General [John] Allen's actions may not have constituted unlawful lobbying" and that such evidence constitutes *Brady* is false. Even assuming that the government did possess such evidence, any information that General Allen did not engage in unlawful lobbying does not implicate the defendant's guilt for the charged offenses. As to Count One, the defendant agreed to plead guilty to a false statement made in 2016, over a year before the events relating to Qatar took place. As to Count Two, the defendant did not agree to plead guilty to "illegal lobbying;" he agreed to plead guilty to aiding and assisting a foreign government with intent to influence decisions of United States officers, in violation of 18 U.S.C. § 207(f)(1)(B). The factual basis in the defendant's signed plea agreement establishes that the defendant committed that offense prior to General Allen's involvement in the Qatar matter. To the extent a portion of the defendant's unlawful conduct overlaps temporally with General Allen's involvement, any evidence that demonstrates Allen did not engage in "unlawful lobbying" does not exculpate the defendant for violating § 207(f)(1)(B).

The defendant's argument that "the government apparently possesses specific information it is waiting to disclose" does not pertain to General Allen's involvement in the Qatar matter. *See* Exhibit 1 at 2. Instead, it pertains to several outstanding sentencing issues, in particular, those offenses subject to non-prosecution provisions enumerated in paragraph 3(d) of the plea agreement that "the Court may consider . . . in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a)." Plea Agreement at 4.

---

[2] Notwithstanding the limited scope of its disclosure obligations in the context of a negotiated plea, the government produced to defense counsel voluminous evidence in connection with a reverse proffer on September 23, 2020, and multiple interviews of defendant in the following months.

**Conclusion**

Based on the foregoing, the government respectfully requests that the Court ask the defendant to enter a plea at the hearing scheduled for May 27, 2022. In the event the defendant declines to do so, the government respectfully requests that the Court enter a plea of not guilty on his behalf and the case be transferred back to the Central District of California.

Dated: May 26, 2022

MATTHEW M. GRAVES
United States Attorney

By: _____/s/_____
STUART D. ALLEN
D.C. Bar No. 1005102; N.Y. Bar No. 4839932
Assistant United States Attorney
National Security Section
U.S. Attorney's Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20530
(202) 252-7794
stuart.allen@usdoj.gov

By: _____/s/_____
EVAN N. TURGEON
D.C. Bar No. 1010816
Trial Attorney
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW, Suite 7700
Washington, D.C. 20530
(202) 353-0176
evan.turgeon@usdoj.gov