# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-cr-144-GMH |
| | : | |
| RICHARD GUSTAVE OLSON, JR. | : | |
| | : | Judge G. Michael Harvey |
| | : | |
| Defendant. | : | |

### AMB. OLSON'S REPLY TO GOVERNMENT'S
### OPPOSITION TO MOTION TO CONTINUE PLEA

Comes now Richard Gustave Olson Jr., through counsel HANNON LAW GROUP, LLP, and respectfully presents this reply to the government's opposition to his motion to continue the plea hearing.

## I. THE GOVERNMENT BREACHED THE PLEA AGREEMENT BY FILING AN INFORMATION IN THE DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.

The intellectual author of the investigation of Amb. Olson – as well as Gen. John R. Allen (Ret.) – is Assistant United States Attorney Daniel J. O'Brien of the U.S. Attorney's Office for the Central District of California. As we stated in the second section of our motion to continue, Mr. O'Brien on Wednesday of this week threatened to indict Amb. Olson in California if Amb. Olson continues his effort to obtain the benefits of *Brady v. Maryland* before his plea. Mr. O'Brien's pursuit of Amb. Olson and General Allen emanated from his investigation and prosecution of one Imaad Zuberi in the case of *United States v. Imaad Shah Zuberi* (2:19-cr-642) filed in the Central District of California. Mr. Zuberi is now serving a lengthy sentence after entering a plea.

Before Mr. Zuberi was sentenced, Mr. O'Brien developed a theory that Zuberi, Amb. Olson, and General Allen engaged in unlawful lobbying of the United States government on

1

behalf of Qatar. The scope of Mr. O'Brien's investigation into potential FARA violations required him, under the DOJ Justice Manual, to notify the National Security Division of the Department of Justice, which then assigned Mr. Turgeon to the investigation. Mr. Turgeon has entered his appearance in this matter against Amb. Olson, Mr. O'Brien has not.

On August 31, 2020, Amb. Olson and his counsel began cooperating with Mr. O'Brien and Mr. Turgeon in their investigation with the express goal of assisting them in bringing criminal charges against General Allen. Amb. Olson participated in three lengthy proffer sessions with Messrs. O'Brien, Turgeon and an FBI Agent for over 16 hours. Amb. Olson provided thousands of pages of documents to O'Brien and his team, and reviewed documents that Mr. O'Brien represented as composing his case against both Amb. Olson and General Allen. Throughout this period of time and through the execution of the plea agreement in January of this year, Messrs. O'Brien and Turgeon reiterated their belief in the strength of their case against General Allen, and the prospect of Amb. Olson earning a 5K motion from the government before his sentencing on any plea agreement. Mr. O'Brien expressly stated that the notes taken by Amb. Olson at a meeting in Qatar would provide the government with a witness to those events.

While the plea agreement signed by Amb. Olson on January 14, 2022, required that his plea take place in either the Eastern District of Virginia or the District of Columbia, that promise by Messrs. O'Brien and Turgeon was one with which they were unable to comply. At no time was there any case filed against Amb. Olson in the Central District of California. Five weeks passed after the execution of the plea agreement. On February 25, 2022, Mr. Turgeon left a message for Amb. Olson's counsel, J. Michael Hannon, to call him. Mr. Hannon returned the call on February 28, 2022, while he was driving. It was a lengthy call, which Mr. Hannon later

memorialized in a letter to Messrs. O'Brien and Turgeon on March 1, 2022.  *See* 2022.03.01 Hannon Letter to Turgeon, et al., Exhibit A.

In the telephone call, Mr. Turgeon said that "a technical glitch in the plea agreement" might result in Amb. Olson being charged with a felony.  Mr. Turgeon then stated that the technical glitch could be remedied by Amb. Olson agreeing to an "addendum" to the plea agreement.  The proposed addendum would provide that the plea would take place in the Central District of California "in the event that neither the United States Attorney for the Eastern District of Virginia nor the United States Attorney for the District of Columbia agreed to accept the filing of the plea agreement in their respective district courts."

Mr. Turgeon stated that on February 25, 2022, the United States Attorney for the EDVA refused to accept the filing of the plea in that district.  Mr. Turgeon reported that neither the National Security Division at DOJ nor the U.S. Attorney's Office for the Central District of California had contacted the U.S. Attorney's Office for this district to determine whether that Office would accept the plea.  Mr. Turgeon reported that if Amb. Olson did not accept the proposed "addendum" to the plea agreement, Amb. Olson might be indicted in either the EDVA or this district.  As recounted in Mr., Hannon's letter memorializing the telephone call:

> Mr. Turgeon further stated that regardless of whether Amb. Olson agrees to the proposed addendum to the plea agreement, the USAO/CDCA and DOJ/NSD would file the plea agreement very soon in the Central District of California.  Mr. Turgeon stated that he and Mr. O'Brien would then approach the USAO for the District of Columbia for permission to transfer the plea to the District of Columbia.  He stated that in his view, with the plea already filed in CDCA, it would be easier to persuade the USAO/DC to accept the transfer.  In the event such a transfer were not accepted by that office, then under the proposed addendum to the plea agreement, Amb. Olson would enter his plea in the Central District of California and be sentenced in that court.

*Id*. at 2.  Mr. Turgeon's email response to the letter was received on the same day.  *See* 2022.03.01 Email from Turgeon to Hannon, Exhibit B.  That email does not vary in material

ways from Mr. Hannon's letter, and includes the threat that Amb. Olson might be indicted in either the EDVA or DDC if he fails to agree to the addendum. The email accuses Amb. Olson of "gamesmanship".

Amb. Olson did not consent to the addendum, as entering his plea in either the EDVA or this district was material to the agreement. On March 17, 2022, Messrs. O'Brien and Turgeon reported that they would file an information and the plea agreement in the Central District for California "shortly" and requested that Amb. Olson execute a Rule 20 Transfer Request for the matter to be transferred to this district. In a letter the next day, Mr. Hannon did not agree to the transfer and maintained anything filed should remain under seal to preserve the potential of Amb. Olson earning a 5K motion from the government in its prosecution of General Allen. *See* 2022.03.18 Hannon Letter to Turgeon and O'Brien, Exhibit C.

The government then filed only an Information in the Central District for California on March 22, 2022, without any notice or agreement from Amb. Olson. Amb. Olson was alerted to the filing of the information by the press. To effectuate the terms of the plea agreement, Amb. Olson had no choice but to execute the Rule 20 Transfer Request, which also was personally signed by both the United States Attorney for the Central District of California and the United States Attorney for this district. The transfer was filed in this Court on April 7, 2022. Amb. Olson never made an appearance in the Central District of California, nor did any counsel on his behalf.

Now Amb. Olson finds himself over four months out from the execution of the plea agreement in January. At that time, he was presented with the express opportunity that by the time of his sentencing under the plea agreement he might earn a 5K motion from the government in the prosecution of General Allen. Yet, there has been no such prosecution of General Allen.

Hence, counsel for Amb. Olson has taken the logical step of concluding that evidence exonerates General Allen, evidence which the government has had all along, and which now has resulted in an abandonment of the prosecution of General Allen. Amb. Olson has no intention of breaching the plea agreement; however, he is undoubtedly entitled to the information he seeks not only as it bears on the nature of his own criminal conduct but also on whether the government has made improper representations to him in violation of the teaching of *United States v. Nelson*, 59 F.Supp.3d 15 (D.D.C. 2014) and *United States v. Nelson*, 979 F.Supp.2d 123, 135-356 (D.D.C. 2013).

II.     **THE CASES CITED BY THE GOVERNMENT DO NOT ADDRESS THE SITUATION IN THIS CASE.**

The government's presentation in its opposition is misleadingly banal in its survey of peculiar Rule 20 transfer jurisprudence. Amb. Olson has never agreed to having any case filed against him in the Central District of California, no indictment was ever filed there, and the government's filing of the information in California was a product of its own failure to abide by promises that Amb. Olson and his counsel logically relied upon: "The plea shall take place in either the United States District Court for the District of Columbia or for the Eastern District of Virginia at the election of the USAO/DOJ."

The majority of the government's cases relate to instances where a defendant was charged in two different districts and the Rule 20 transfer was effectuated to allow for a global disposition. *See United States v. Spear*, No. CR-07-00299-DAE, 2011 WL 3704967 (D. Haw. Aug. 24, 2011), *aff'd*, 577 F. App'x 726 (9th Cir. 2014); *United States v. Sutton*, 184 F. Supp. 3d 503 (E.D. Ky. 2016), *aff'd*, 862 F.3d 547 (6th Cir. 2017); *United States v. Black*, 25 F.4th 766 (10th Cir. 2022). *United States v. Khan* involves a Rule 20 transfer of an indictment from Texas to North Carolina where the defendant was stationed at an air force base. 822 F.2d 451, 545 (4th

Cir. 1987). The defendant entered a plea and then the judge *sua sponte* questioned the factual basis of the plea, which was opposed by both U.S. Attorneys, and entered a plea of nolo contendere for the defendant. The Fourth Circuit reversed. In *LaMagna v. United States*, the indictment was transferred under Rule 20 to New York where the defendant was a resident. *See* 646 F.2d 775, 776 (2d Cir. 1981). After sentencing the defendant appealed his plea as lacking a factual basis which the Second Circuit pointed out would cause a transfer to the original district, if the argument had been raised at the time of the plea. *See id.* at 455.

In *United States v. Torres*, the reason for the Rule 20 transfer is unclear; however, the case involved whether a mental examination could be ordered prior to entering the plea. 399 F.Supp.2d 549, 552 (S.D.N.Y. 2005). The court considered two cases where pre-plea mental examinations had been permitted in Rule 20 transfer cases without transferring back to the original district. *See id.* at 553-54 (citing *Greenwood v. United States*, 350 U.S. 366 (1956) & *Hollis v United States*, 687 F.2d 257 (8th Cir. 1982)). However, the court ultimately decided that it could not order the mental examination in Torres's case because there was no way to limit the inquiry to the defendant's ability to enter the plea as the mental exam would necessarily affect legal responsibility for the underlying crime. *See id.* at 554.

In Amb. Olson's case, the government has always agreed that the plea would take place in either this district or the Eastern District of Virginia. Therefore, the agreement has always been that Amb. Olson would enter his plea and be sentenced in either of those courts. The plea agreement does not contemplate his being sentenced in any other district. Had Amb. Olson not agreed to the transfer, he faced the threat of indictment in violation of the plea agreement. Hence, this district has all the authority of any court to deal with any issues having to do with the plea and sentencing, including the type of attack brought by the defendant in the *Nelson* case,

should one eventuate. The government did not object to this Court's oral direction to provide *Brady* material promptly, nor did it object to the subsequent minute order which some practitioners call the Emmet Sullivan order.

The history of Amb. Olson's efforts to cooperate with the government is filled with threats of prosecution and indictment, the most recent of which government counsel of record do not even address in their opposition. It is noteworthy that Mr. Turgeon ascribes the most recent threat of indictment in California not to his own office, or to that of AUSA Stuart Allen's office, but rather to "CDCA". *See* Exhibit B to Amb. Olson's Motion to Continue, ECF 10.

WHEREFORE, Amb. Olson requests that the Court grant this Motion to Continue the Plea Hearing.

Dated: May 27, 2022                     Respectfully submitted,

                                                        HANNON LAW GROUP, LLP

                                                        *s/J. Michael Hannon*
                                                        J. Michael Hannon, #352526
                                                        Rachel E. Amster, #1618887
                                                        333 8th Street, NE
                                                        Washington, DC 20002
                                                        Tel: (202) 232-1907
                                                        Fax: (202) 232-3704
                                                        jhannon@hannonlawgroup.com
                                                        ramster@hannonlawgroup.com

                                                        *Attorneys for Defendant Richard Gustave Olson, Jr.*

# EXHIBIT A

J. MICHAEL HANNON *
DANIEL S. CROWLEY *†‡
ANN-KATHRYN SO §†
   PARTNERS

———————

HARRISON E. RICHARDS †
KIERAN L. REILLY*
RACHEL AMSTER
   ASSOCIATES

HANNON LAW GROUP, LLP
COUNSELORS AND ATTORNEYS AT LAW
333 8TH STREET NE
WASHINGTON, DC 20002
EST. MARCH 17, 2006

———————

T (202) 232-1907 | F (202) 232-3704
www.hannonlawgroup.com

WILLIAM CLAYTON BATCHELOR *†
OF COUNSEL

———————

* ALSO ADMITTED IN MARYLAND
† ALSO ADMITTED IN VIRGINIA
‡ ALSO ADMITTED IN MASSACHUSETTS
§ ALSO ADMITTED IN NEW JERSEY

March 1, 2022

**VIA ELECTRONIC TRANSMISSION ONLY**

Daniel J. O'Brien
Assistant United States Attorney
United States Attorney's Office for the Central District of California
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012

Evan N. Turgeon
Trial Attorney
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

      Re:    Amb. Richard G. Olson, Jr.

Dear Messrs. O'Brien and Turgeon:

      I want to make sure I accurately understand Mr. Turgeon's call with me yesterday morning.

      Yesterday, I returned a message from Mr. Turgeon to call him received on Friday, February 25, 2022, at 5:02 p.m. When I returned the call yesterday, Mr. Turgeon started by saying that a technical glitch in the plea agreement means that Amb. Olson might be charged with a felony. Mr. Turgeon then stated that the technical glitch could be remedied by Amb. Olson agreeing to an "addendum" to the plea agreement. The proposed addendum would provide that the plea could take place in the Central District of California in the event that neither the United States Attorney for the Eastern District of Virginia nor the United States Attorney for the District of Columbia agreed to accept the filing of the plea agreement in their respective district courts.

      Mr. Turgeon stated that he learned on Friday, February 25, 2022, that the United States Attorney for the Eastern District of Virginia already had refused to accept the filing of the plea agreement in that district. Mr. Turgeon stated that the decision was ultimately made by the U.S. Attorney for EDVA. Mr. Turgeon stated that the USAO/EDVA rejected the plea because it was

Daniel J. O'Brien
Evan N. Turgeon
March 1, 2022
Page Two

too lenient. Mr. Turgeon stated that the USAO/EDVA had been provided with prosecution materials in advance of the decision. Mr. Turgeon stated he was very surprised.

    Mr. Turgeon further stated that neither his office nor the USAO/CDCA had yet approached the United States Attorney's Office for the District of Columbia to accept the plea of Amb. Olson.

    Mr. Turgeon stated that if Amb. Olson did not agree to the addendum to the plea agreement, Amb. Olson would be exposed to indictment in the EDVA and in the District of Columbia. He stated that in that event, the USAO/CDCA and he personally would not be involved in either the process of indictment or the prosecution of the case. In the event such an indictment were filed in either of those districts which included charges within the purview of the National Security Division, another attorney from that division would be involved.

    Mr. Turgeon further explained that the plea agreement is not binding on either the USAO/EDVA or the USAO/DC. He stated that such an indictment would have to be pursued independently by those USAOs. When asked how that could occur, Mr. Turgeon stated that the USAO/EDVA has the file which was presented to that office in consideration of accepting the plea agreement of Amb. Olson. Mr. Turgeon did not express an opinion as to how the USAO/DC might pursue an indictment.

    Mr. Turgeon further stated that regardless of whether Amb. Olson agrees to the proposed addendum to the plea agreement, the USAO/CDCA and DOJ/NSD would file the plea agreement very soon in the Central District of California. Mr. Turgeon stated that he and Mr. O'Brien would then approach the USAO for the District of Columbia for permission to transfer the plea to the District of Columbia. He stated that in his view, with the plea already filed in CDCA, it would be easier to persuade the USAO/DC to accept the transfer. In the event such a transfer were not accepted by that office, then under the proposed addendum to the plea agreement, Amb. Olson would enter his plea in the Central District of California and be sentenced in that court.

    Mr. Turgeon refused to say whether he and Mr. O'Brien also had proposed the prosecution of General John Allen to the USAO/EDVA or to the USAO/DC.

    Please let me know whether this is accurate and complete from your perspective. We are studying your proposal carefully.

                                Sincerely,

                                *s/ J. Michael Hannon*

                                J. Michael Hannon

Cc: Russell D. Duncan

# EXHIBIT B



J. Michael Hannon <jhannon@hannonlawgroup.com>

## RE: [EXTERNAL] Proposed Addendum to Plea Agreement
1 message

**Turgeon, Evan (NSD)** <Evan.Turgeon@usdoj.gov>                                        Tue, Mar 1, 2022 at 4:48 PM
To: "J. Michael Hannon" <jhannon@hannonlawgroup.com>
Cc: "OBrien, Daniel J. (USACAC)" <Daniel.Obrien@usdoj.gov>, Rachel Amster <ramster@hannonlawgroup.com>, Russell Duncan <rduncan@clarkhill.com>, "Novak, Kate" <knovak@clarkhill.com>

Mike,

Our responses are as follows:

1. CDCA and NSD have every intention of honoring both the terms and the spirit of the plea agreement.
2. NSD approached EDVA to have the information and plea agreement filed in EDVA. They declined and opined that the plea agreement was too lenient. This was unexpected.
3. NSD plans to approach DDC to request that the plea take place there. We could either seek to have the matter filed there or file the matter in CDCA and seek its transfer.
4. Prior to reaching out to DDC, Dan and Evan discussed the possible ramifications should DDC take a position similar to that expressed by EDVA. We make the following observations:
    a. In the plea agreement, Olson waived venue so that charges could be brought in any of the three relevant venues -- EDVA, DDC, or CDCA. However, while the agreement obligates the defendant to enter a plea in EDVA or DDC, it does not state an obligation to enter a plea in CDCA.
    b. We believe this was the product of poor draftsmanship. The provision was added during the final hours of negotiation in response to Mr. Hannon's request that the government consider a few minor modifications. None of the parties anticipated this situation. The provisions as to waiving venue in CDCA but not providing for a contingency to have a plea take place there are incongruous. Since EDVA and DDC are not parties to the plea agreement, there should have been a contingency for the plea to be entered in CDCA in the event EDVA and DDC declined to have the case filed there.
    c. Should DDC also decline, the defense could take the position that while the information could be filed in CDCA, Olson is not obligated to enter a plea there. This would not be a breach of the plea agreement. However, we think this would be exploiting an unintended loophole in the plea agreement and tantamount to gamesmanship. In essence, the defense would be seeking not to enter any plea which is clearly not within the spirit of the agreement.
    d. We do not know what response EDVA and/or DDC would have to such a development. If the view is that the plea agreement was too lenient and now the defense was trying to avoid even taking responsibility for the misdemeanor counts, a logical response would be that they would file charges of their own. Because they are not parties to the agreement, they are entitled to do so.
5. Rather than take the risk that DDC might see things the same way as EDVA and have the matter escalate to a result that was unforeseen by either of the parties, we feel that the logical solution is to execute an addendum to the plea agreement. The addendum would read something along the lines of "should EDVA and DDC decline to have charges filed within or transferred to their districts, defendant agrees to enter his pleas of guilty within the CDCA."
6. Upon execution of the addendum, NSD still intends to contact DDC to have the plea take place there.
7. We hope you will see this request in the spirit that it is intended, to ensure that the intentions of the parties as set forth in the plea agreement are realized.

8. Please let us know if you agree to execute an addendum. If you do not agree, please let us know what position you will take in the event that DDC does not agree to a transfer. If we do not hear from you, we will assume that you do not agree to execute an addendum and that you will argue that Olson is not required to enter a guilty plea in CDCA.

Thanks,

Evan

Evan N. Turgeon

Trial Attorney

Counterintelligence and Export Control Section

National Security Division

U.S. Department of Justice

Cell: (202) 598-5315

---

**From:** J. Michael Hannon <jhannon@hannonlawgroup.com>
**Sent:** Tuesday, March 1, 2022 9:51 AM
**To:** Turgeon, Evan (NSD) <Evan.Turgeon@usdoj.gov>
**Cc:** OBrien, Daniel J. (USACAC) <DOBrien@usa.doj.gov>; Rachel Amster <ramster@hannonlawgroup.com>; Russell Duncan <rduncan@clarkhill.com>; Novak, Kate <knovak@clarkhill.com>
**Subject:** [EXTERNAL] Proposed Addendum to Plea Agreement

Evan,

As I was driving when we spoke yesterday, I have attempted to recount the essence of our call in the attached letter. Please feel free to respond as you deem appropriate.

As I indicate, we are reviewing your proposal.

Mike



**J. Michael Hannon**
HANNON LAW GROUP, LLP
333 8th Street, N.E.
Washington, DC 20002
(202) 232-1907, Direct
(202) 365-5561, Mobile
(202) 232-3704, Facsimile
www.hannonlawgroup.com

*The information contained in this e-mail is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is **PRIVILEGED AND CONFIDENTIAL**. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.*

# EXHIBIT C

<table>
<tr><td>

J. MICHAEL HANNON *
DANIEL S. CROWLEY *†‡
ANN-KATHRYN SO §†
  PARTNERS

———————

HARRISON E. RICHARDS †
KIERAN L. REILLY*
RACHEL E. AMSTER
MARK P. NOBILE
  ASSOCIATES

</td><td>

HANNON LAW GROUP, LLP
COUNSELORS AND ATTORNEYS AT LAW
333 8TH STREET NE
WASHINGTON, DC 20002
EST. MARCH 17, 2006

———————

T (202) 232-1907 │ F (202) 232-3704
www.hannonlawgroup.com

March 18, 2022

</td><td>

WILLIAM CLAYTON BATCHELOR *†
OF COUNSEL

———————

* ALSO ADMITTED IN MARYLAND
† ALSO ADMITTED IN VIRGINIA
‡ ALSO ADMITTED IN MASSACHUSETTS
§ALSO ADMITTED IN NEW JERSEY

</td></tr>
</table>

**VIA ELECTRONIC TRANSMISSION ONLY**

Daniel J. O'Brien
Assistant United States Attorney
United States Attorney's Office for the Central District of California
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012

Evan N. Turgeon
Trial Attorney
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

        Re:    Amb. Richard G. Olson, Jr.

Dear Messrs. O'Brien and Turgeon:

      I am writing in response to your emails of March 17, 2022, advising us that you intend to file the information and plea agreement in the public record in CDCA "shortly". You also request that we execute a consent to transfer of the plea to DDC. You provided a consent form for Amb. Olson's signature, which has not been signed by the U.S. Attorneys for CADC and DDC as required by Rule 20.

      Our goal is to ensure that Ambassador Olson receives all of the benefits promised in the plea agreement. To that end, we have the following observations.

      We do not understand the urgency of your request, to which you require a response today. You also do not explain why the plea cannot simply be filed in DDC. In addition, the plea agreement is noted to be filed "Under Seal", which is an understanding for which we bargained. While you reserved a decision as to when it would be unsealed, your proposal to file in the public record in California is clearly not part of our agreement. This change would only serve to generate adverse publicity for Amb. Olson. Moreover, the transfer process you propose would not require the filing of the plea agreement itself in California.

Daniel J. O'Brien
Evan N. Turgeon
March 18, 2022
Page Two


      Your agreement that the plea be filed under seal would also serve to enhance the opportunity for Amb. Olson to continue to cooperate with the government, and to earn a 5K motion. This opportunity was expressly offered to Amb. Olson in exchange for the plea agreement.

      We see actual and potentially grave consequences to Amb. Olson in your proposal.

      Sincerely,

      *s/J. Michael Hannon*

      J. Michael Hannon


Cc:    Russell D. Duncan