UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 22-cr-144-GMH |
| : | |
| RICHARD GUSTAVE OLSON, JR. : | |
| : | |
| Defendant. : | |

# ORDER

The Probation Department's pre-sentence report was filed in this case on December 30, 2022. ECF No. 32. After a series of requests for and grants of extensions, the parties filed their sentencing memoranda on February 6, 2023 (Defendant) and February 7, 2023 (the government).[1] ECF Nos. 38–39. At Defendant's request, the Court allowed him until March 7, 2023, to file a response to the government's sentencing memorandum. ECF Nos. 40–42; Minute Order (Feb. 21, 2023). Having reviewed that submission, the Court finds it would benefit from a reply by the government to the arguments raised therein, including:

(1) Defendant's assertion that in its sentencing memorandum the government "appears to withdraw" any contention that Defendant received "gratuities" as defined in 18 U.S.C. § 201(c)(1)(B). ECF No. 43 at 1–2; *see also* ECF No. 39 at 18 ("In this case, the government does not believe that there is a sufficient nexus between (1) the defendant's agreement to advocate to Congress to support military sales to Pakistan or the defendant's provision of non-public talking points to Person 1 and (2) Person 1's provision of $25,000 to the defendant's girlfriend or Person 1's facilitation of the

---

[1] Both sentencing memoranda were due on the same date: February 6, 2023. Minute Order (Jan. 16, 2023). The government filed its memorandum in the very early morning hours of February 7, 2023.

Foreign Company 1 job offer for the defendant to support a gratuities charge."). The Court agrees with Defendant that the scope of that concession—if it is, indeed, a concession—is ambiguous and would benefit from clarification. Relatedly, there is some ambiguity in the government's position on the pre-sentence report's application of the "cross-reference to U.S.S.G. § 2C1.2." ECF No. 39 at 19; ECF No. 43 at 2.

(2) Defendant's contention that the government's sentencing memorandum improperly relies on certain information covered by Defendant's cooperation agreement, in violation of U.S.S.G. § 1B1.8. ECF No. 43 at 9–10.

(3) Defendant's argument based on the Ninth Circuit's recent decision in *United States v. Farias-Contreras*, __ F.4th __, 2023 WL 2004603 (9th Cir. 2023), that the government has, in its sentencing memorandum, implicitly breached the plea agreement in this case. ECF No. 43 at 20–22.

Accordingly, it is hereby

**ORDERED** that the government shall file a response to Defendant's "Reply to the Government's Sentencing Memorandum" on or before March 22, 2023.

**SO ORDERED.**

_____
The Honorable G. Michael Harvey
United States Magistrate Judge