UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-cr-144-GMH |
| | : | |
| RICHARD GUSTAVE OLSON, JR. | : | |
| | : | Judge G. Michael Harvey |
| | : | |
| Defendant. | : | |

### AMB. RICHARD G. OLSON, JR.'S MOTION
### FOR ISSUANCE OF A SUBPOENA DUCES TECUM

Comes now Richard Gustave Olson, Jr., through counsel HANNON LAW GROUP, LLP, and respectfully requests that the Court authorize the service of the subpoena attached to this motion for production of documents in the possession of the United States Probation Office for use at sentencing in this case. In support of this request, undersigned counsel states the following:

Counsel for Amb. Olson respectfully submit that issues for determination by the Court before or at sentencing in this case revolve around the conduct of Ass't United States Attorney Daniel J. O'Brien, an attorney who has not entered his appearance in this district. Mr. O'Brien was responsible for providing the government's information to the Presentence Report Writer, U.S. Probation Officer Ms. Hana Field, upon which she relied. *See* Olson's Response to Government's Motion to Continue Sentencing Memoranda Deadline, [ECF No. 37] at 2-3.

Upon receiving the Draft Presentence Investigation Report on August 10, 2022, Counsel for Amb. Olson attempted to obtain from both the Presentence Report Writer and from the government the information provided by the government to the Report Writer that resulted in such an outlandish sentencing guideline score. Both the Probation Office and the government refused to provide that information to Amb. Olson's attorneys. *See* Olson's Response to Government's Motion to

1

Continue Sentencing Memoranda Deadline, [ECF No. 37] at 3, n.2.  Yet, when it serves its purpose, the government now does present the Court with certain emails between O'Brien and the Presentence Report Writer.  *See* United States' Response to Defendant's Reply to its Sentencing Memorandum [ECF No. 45] at 2-3.  Therefore, Amb. Olson should have all of O'Brien's communications with the Presentence Report Writer.  Another important consideration which supports our request for the subpoena is the fact that the Presentence Report Writer explicitly relied upon a communication with the U.S. Sentencing Commission in her guideline calculations; yet, the Report Writer's office declined to produce that information.  *See* Olson's Response to Government's Motion to Continue Sentencing Memoranda Deadline, [ECF No. 37] at 11-12.

      Mr. O'Brien's conduct is also implicated in other ways.  The government recently admitted the following: "It is true that during initial plea negotiations, the government stated that, depending on the charge to which the defendant pleaded guilty, full and truthful cooperation by the defendant could yield low sentencing guidelines *and ultimately result in a non-custodial sentence*."  United States' Response to Defendant's Reply to its Sentencing Memorandum [ECF No. 45] at 16-17 (emphasis supplied).  But the government also contends in its Reply that the final plea agreement – a more favorable agreement to Amb. Olson – did not include a cooperation agreement because "the government determined and informed defense counsel that the defendant could not serve as a cooperator because the government expected that any testimony the defendant gave would be riddled with self-serving, provable lies, all of which would have served to distance the defendant from Person 1," Imaad Zuberi.  This contention was made by Mr. O'Brien after Amb. Olson rejected the felony plea.  We maintain and intend to prove this contention was utterly pretextual.  Indeed, the change of heart on cooperation actually may have resulted from the

government's recognition that it could not and would not prosecute General Allen, the predicate for the cooperation agreement in the first instance.

Amb. Olson has also contended, in reliance on *United States v. Farias-Contreras*, 60 F.4th 534, 554 (9th Cir. 2023), that the government implicitly breached the plea agreement through the distorted representations created by Mr. O'Brien. The government's response to this Court evades providing the Court with a direct answer to Amb. Olson's contentions, instead arguing that *Farias-Contreras* is "neither settled law nor binding on the court." ECF No. 45 at 15, n.2. The government embraces the dissent in that case, penned by former Ass't United States Attorney for the District of Columbia Mark J. Bennett. Yet, there is nothing new about the majority's resort to contract law to interpret a plea agreement, and its finding that the government can violate a plea agreement both explicitly and implicitly. Moreover, there is also nothing new about the holding that any ambiguities in reading a plea agreement must be interpreted in favor of the defendant.

Fed. R. Crim. P. 32(i)(2) provides that at sentencing, "The court may permit the parties to introduce evidence on the objections" to the Presentence Report. In furtherance of that provision, Amb. Olson respectfully requests that the Court authorize his counsel to serve the attached subpoena upon Brian D. Shaffer, Chief United States Probation Officer for the District of Columbia, for production of all documents evidencing communications between that office and AUSA Daniel J. O'Brien, AUSA Stuart Allen, DOJ Attorney Evan Turgeon, and the U.S. Sentencing Commission. The proposed subpoena requires production of the documents to Amb. Olson's counsel on April 12, 2023, at 9:00 a.m. Counsel would also have no objection to the Court requiring the production to be made to Chambers at any time set by the Court.[1]

---

[1] Counsel for Amb. Olson is also initiating the administrative process to request the appearance of Mr. O'Brien as a witness at sentencing.

3

WHEREFORE, Amb. Olson respectfully requests that that Court issue the subpoena for documents as requested.

Dated: March 29, 2023

Respectfully submitted,

HANNON LAW GROUP, LLP

*s/J. Michael Hannon*
J. Michael Hannon, #352526
1800 M Street, NW, Suite 850 N
Washington, DC 20002
Tel: (202) 232-1907
Fax: (202) 232-3704
jhannon@hannonlawgroup.com

*Attorney for Defendant Richard Gustave Olson, Jr.*

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE**

To:

*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:
evidencing communications between any person in the U.S. Probation Office and AUSA Daniel O'Brien, AUSA Stuart Allen, DOJ Trial Attorney Evan Turgeon, and the US Sentencing Commission in connection with preparation of the Presentence Investigation Report.

| Place: Hannon Law Group, LLP<br>1800 M. Street, NW, Ste. 850 S<br>Washington, D.C. 20036 | Date and Time: April 12, 2023 by 9:00 a.m. |
|---|---|

   Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

   *(SEAL)*

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____ , who requests this subpoena, are:

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No.

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).