# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

       v.

RICHARD GUSTAVE OLSON, JR.,

       Defendant.

Criminal No. 1:22-cr-144-GMH

## UNITED STATES' OPPOSITION TO DEFENDANT'S
## MOTION FOR A SUBPOENA TO THE U.S. PROBATION OFFICE

In preparation for sentencing in this case—transferred to this district via Rule 20—the government communicated with the U.S. Probation Office ("Probation"). The Assistant United States Attorney most knowledgeable about the case, who investigated the matter and brought it to a resolution in a plea agreement between the parties, provided germane information to Probation. Apparently, Probation also consulted with the U.S. Sentencing Commission in preparing the Pre-Sentence Report. Defendant Olson has lodged many objections to the Pre-Sentence Report. All of this is ordinary and customary. What is not ordinary and customary—and what is, in fact, lacking precedent and ill advised—is the defendant's attempt to gain access to those communications. *Ex parte* communications between each party and Probation are not discoverable under legal precedent, enable the free flow of information between both parties and Probation, and are irrelevant to the issues to be decided at sentencing. The defendant's motion for a subpoena to Probation should be denied.

The defendant provides no legal support for his motion and there is precedent to the contrary. Courts addressing this issue have consistently found *ex parte* communications between the parties and probation officers appropriate. *See, e.g.*, *United States v. Nelson-Rodriguez*, 319

F.3d 12, 61-63 (1st. Cir. 2003) ("It is common for one side to speak with the probation officer, either before or after the report is released."); *Roccisano v. United States*, 936 F. Supp. 96, 103 (S.D.N.Y. 1996) (calling such communications "appropriate and regular"), *aff'd*, 152 F.3d 920 (2d Cir. 1998).

Courts have also rejected defense attempts to obtain probation officers' files or testimony. In *United States v. Nelson-Rodriguez*, the First Circuit affirmed the district court's denial of "a motion objecting to the *ex parte* communications and demanding disclosure of all documents that the probation officer used in preparing the presentence report." 319 F.3d 12, 62 (1st Cir. 2003). The court likewise affirmed the denial of the defendant's request "to call the probation officer as a witness at the sentencing hearing to examine the extent of the communications." *Id.* The court affirmed these rulings on two bases. First, the court found the requested material irrelevant, noting that the defendant "does not explain what he hoped to accomplish by additional discovery or by calling the probation officer to testify at the sentencing hearing" given that the evidence underlying the probation officer's recommendations was not in dispute. *Id.* Second, the court held that defense counsel had "ample opportunity at sentencing to dispute the report's recommendations." *Id.* at 63; *accord Roccisano*, 936 F. Supp. at 103 (holding that *ex parte* communications between the government and probation office "could not prejudice a defendant because of the opportunity provided to respond and object to the Presentence Investigation report before, and after, it is provided to the court").

Moreover, as courts have recognized, requiring disclosure of these communications could impair the free flow of information between a probation office and the parties to the case. In *United States v. Schlieve*, for example, the defendant sought to review the probation officer's file, including any communications between the government and the probation office, in support

of his motion seeking early termination of his terms of supervised release. No. 18-CR-53, 2018 WL 10126073, at *1-2 (W.D. Wis. Oct. 25, 2018). As a starting point, the court noted that "counsel has not cited to, nor can the court find a rule, statute or case law requiring disclosure of this information." *Id.* at *1. In denying the request, the court explained that it could "readily see the mischief and hinderance opening a supervising officer's notes to discovery would have on the free exchange of information between not just the U.S. Probation Office and prosecutors, but also between that office and defense counsel." *Id.* at *2. The court further noted that the information sought was irrelevant, and denied the motion on that basis as well, stating, "the court is simply unwilling to sacrifice the confidentiality of the Probation Office's supervision work for what appears to be a fishing expedition[.]" *Id.*

These considerations apply with equal force to Defendant Olson's request. First, no rule of discovery entitles the defendant to these communications. *See Schlieve*, 2018 WL 10126073, at *1 (finding no "rule, statute or case law requiring disclosure"). Second, the defendant has disputed and can continue to dispute the Pre-Sentence Report's recommendations without access to the *ex parte* communications he seeks. *See Nelson-Rodriguez*, 319 F.3d at 63 (finding "ample opportunity at sentencing to dispute the report's recommendations" without additional material); *Roccisano*, 936 F. Supp. at 103 (same). Third, disclosure of *ex parte* communications to adverse parties would deter both the government and defense counsel from sharing information candidly with Probation in future cases, thereby impairing both the government's ethical duty to provide the Court relevant information and defendants' ability to provide the Court mitigating information. *See Schlieve*, 2018 WL 10126073, at *2. And fourth, the communications sought are not relevant to any sentencing issue. At sentencing, "[t]he court may permit the parties to introduce evidence on the objections." Fed. R. Crim. P. 32(i)(2). Here, attached to its sentencing

memorandum, the government provided extensive documentary evidence proving disputed facts and disproving the defendant's objections to the Pre-Sentence Report. In his motion, however, the defendant does not even attempt to draw a connection between any of these disputed facts and the communications he now seeks. Instead, the defendant seeks the communications to validate his theory that the government (1) improperly denied him a cooperation plea agreement and then (2) breached the plea agreement he did sign. Dkt. 46 at 2, 3.

Putting aside the fact that neither of these claims is true, neither claim is relevant to sentencing. First, there is no dispute that the defendant did not sign a cooperation plea agreement. The terms of the plea agreement are plain and unambiguous, and there is no cooperation provision. The plea agreement does, however, contain an integration clause, which specifically states that no other agreements or promises exist between the parties, and which the D.C. Circuit has cited in other cases as "strong evidence that no implied promises existed." *United States v. Ahn*, 231 F.3d 26, 36 (D.C. Cir. 2000) (collecting cases). The defendant did not enter into a cooperation plea agreement, he is not entitled to the benefit of an agreement he did not make. Second, as described in prior filings and need not be reiterated here, the government has not breached the plea agreement.

## Conclusion

For the foregoing reasons, the motion should be denied.

Dated: April 14, 2023

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: _____/s/_____
STUART D. ALLEN
D.C. Bar No. 1005102; N.Y. Bar No. 4839932
Assistant United States Attorney
National Security Section
U.S. Attorney's Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20530
(202) 252-7794
stuart.allen@usdoj.gov

By: _____/s/_____
EVAN N. TURGEON
D.C. Bar No. 1010816
Trial Attorney
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW, Suite 7700
Washington, D.C. 20530
(202) 353-0176
evan.turgeon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2023, I electronically filed the foregoing using the CM/ECF

system, which will send a notification of such filing to counsel of record.

By: _____/s/_____
Evan N. Turgeon
Trial Attorney, U.S. Department of Justice