# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 22-cr-144-GMH |
| : | |
| RICHARD GUSTAVE OLSON, JR. : | |
| : | |
| Defendant. : | |

## ORDER

The Court has received the Probation Department's pre-sentence report ("PSR"), ECF No. 32, sentencing memoranda from Defendant and the government, ECF Nos. 38–39, and supplemental sentencing memoranda from Defendant and the government, ECF Nos. 43, 45. Two motions are pending before the Court: (1) Defendant's (unopposed) request to bifurcate sentencing proceedings, which asks the court to "separat[e]" an oral argument hearing to address whether the government breached the plea agreement "from the actual sentencing" and asserts that Defendant "intends to present 3-5 witnesses to provide information to the Court in connection with the disputed elements of the [PSR]," ECF No. 40 at 2; and (2) Defendant's (opposed) motion for issuance of a subpoena, which seeks production of documents from the U.S. Probation Office and contemplates the Court holding an evidentiary hearing prior to imposing a sentence, *see* ECF No. 46 at 3 (citing Fed. R. Crim. P. 32(i)(2)).

The Court agrees that oral argument would be beneficial and will therefore grant Defendant's motion to bifurcate the sentencing hearing to the extent that it seeks an opportunity to present legal argument about disputed elements in the PSR's guidelines calculation. At the hearing, the parties shall present legal argument to aid the Court in determining two issues: (1) the

proper calculation of Defendant's offense level under the United States Sentencing Commission Guidelines and (2) whether an evidentiary hearing is necessary prior to sentencing, and, if so, the scope of any such hearing.  Accordingly, it is hereby

**ORDERED** that Defendant's motion to bifurcate sentencing proceedings, ECF No. 40, is **GRANTED IN PART** to the extent indicated above.  It is further

**ORDERED** that an initial sentencing proceeding pursuant to Rule 32(i) of the Federal Rules of Criminal Procedure at which the parties shall address the issues identified above will be held on July 5, 2023, at 2:00 p.m.  It is further

**ORDERED** that, with Defendant's written consent, the initial sentencing hearing may be held remotely and/or in Defendant's absence pursuant to Rule 43(b)(2) of the Federal Rules of Criminal Procedure.  On or before June 12, 2023, Defendant shall file written notice on the docket as to whether he consents to the initial sentencing hearing proceeding remotely and/or in his absence. It is further

**ORDERED** that Defendant's motion for issuance of a subpoena, ECF No. 46, is held in abeyance pending the outcome of the initial sentencing hearing.

**SO ORDERED.**

_____
The Honorable G. Michael Harvey
United States Magistrate Judge