UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-cr-144-GMH |
| | : | |
| RICHARD GUSTAVE OLSON, JR. | : | |
| | : | Judge G. Michael Harvey |
| | : | |
| Defendant. | : | |

**AMB. RICHARD G. OLSON's SUBMISSION FOR JULY 5, 2023, HEARING**

Comes now Richard Gustave Olson, Jr., through counsel HANNON LAW GROUP, LLP, and submits the following information for the Court's consideration at the hearing scheduled for July 5, 2023.

The purpose of this submission is two-fold: (2) to summarize – on behalf of Amb. Olson – his position on the Sentencing Guideline Score, and his understanding of the position of the Government on the same topic; and (2) to provide additional authority on why the Court should sentence Amb. Olson to a non-custodial sentence.

**GUIDELINES SCORING:**

Attached as Exhibit A is Amb. Olson's Guideline scoring. Attached as Exhibit B is our understanding of the Government's Guideline scoring.

If Exhibit B is an accurate representation of the Government's position, there are only two contested issues between the parties regarding the Guidelines: (1) whether the Court should add 2 points for an upward Adjustment for Obstruction of Justice in Count Two; and (2) whether the Court should reduce the Guideline score by 2 points for Acceptance of Responsibility.

1

**GUIDANCE ON SENTENCING:**

Under this analysis, the scoring places Amb. Olson's calculation at **6** [Zone A in the Sentencing Table] and the Government's calculation at **10** [Zone B in the Sentencing Table]. The USSG Application Note 4 to § 5C1.1 (Imposition of a Term of Imprisonment) states the following:

> If the defendant is a nonviolent first offender and the applicable guideline range is in Zone A or B of the Sentencing Table, the court should consider imposing a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3). *See* 28 U.S.C. § 994(j). For purposes of this application note, a "***nonviolent first offender***" is a defendant who has no prior convictions or other comparable judicial dispositions of any kind and who did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense of conviction. The phrase "comparable judicial dispositions of any kind" includes diversionary or deferred dispositions resulting from a finding or admission of guilt or a plea of *nolo contendere* and juvenile adjudications.

This Application Note fulfills the statutory mandate to the Sentencing Commission referenced in 28 U.S.C. § 994(j):

> The <u>Commission</u> shall insure that the <u>guidelines</u> reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense, and the general appropriateness of imposing a term of imprisonment on a person convicted of a crime of violence that results in serious bodily injury.

The Sentencing Commission has this to say about the significance of its "Commentary" sections, of which this Application Note is a part:

> The Commentary that accompanies the guideline sections may serve a number of purposes. First, it may interpret the guideline or explain how it is to be applied. Failure to follow such commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal. *See* 18 U.S.C. § 3742. Second, the commentary may suggest circumstances which, in the view of the Commission, may warrant departure from the guidelines. Such commentary is to be treated as the legal equivalent of a policy statement. Finally, the commentary may provide background information, including factors considered in promulgating the guideline or reasons underlying promulgation of

the guideline.  As with a policy statement, such commentary may provide guidance in assessing the reasonableness of any departure from the guidelines.

Consequently, even if the Court adopts the Government's Guideline Score of 10 – which we maintain would be an error and in conflict with the plea agreement – the intent of Congress and the Sentencing Commission is that Amb. Olson receive a non-custodial sentence.  *See United States v. Plunkett*, 125 F.3d 873 (D.C. Cir. 1997) (applying application note to calculation of sentence).

Dated: July 2, 2023                                Respectfully submitted,

                                                         HANNON LAW GROUP, LLP

                                                         *s/J. Michael Hannon*
J. Michael Hannon, #352526
1800 M Street, NW, Ste. 850-S
Washington, DC 20036
Tel: (202) 232-1907
Fax: (202) 232-3704
jhannon@hannonlawgroup.com

*Attorneys for Defendant Richard Gustave Olson, Jr.*

# EXHIBIT A

## AMB. OLSON GUIDELINES CALCULATION

### Count Group 1 -- Making a False Writing: 18 USC § 1018

63. **Base Offense Level:** The guideline for 18 USC § 1018 offenses is found in USSG §2B1.1 of the guidelines. That section provides that an offense involving fraud has a base offense level of six.  USSG §2B1.1(a)(2).                                              **6**

64. **Specific Offense Characteristics:** None.                                                                **0**

65. **Victim Related Adjustment:** None.                                                                       **0**

66. **Adjustment for Role in the Offense:** None.                                                              **0**

67. **Adjustment for Obstruction of Justice:** None.                                                           **0**

68. **Adjusted Offense Level (Subtotal):**                                                                     **6**

### Count Group 2 -- Violation of the "Cooling Off Period": 18 USC § 207(f)(1)(B)

69. **Base Offense Level:** The guideline for a violation of 18 USC § 207(f)(1)(B) is USSG §2C1.3. That provision has a base offense level of six. The government concedes there were no gratuities, so the cross reference does not apply.                    **6**

70. **Specific Offense Characteristics:** The offense did not involve gratuities. None                                                                                                              **0**

71. **Specific Offense Characteristics:** None                                                                 **0**

72. **Specific Offense Characteristics:** None.                                                                **0**

73. **Victim Related Adjustment:** None.                                                                       **0**

74. **Adjustment for Role in the Offense:** None.                                                              **0**

75. **Adjustment for Obstruction of Justice:** None.                                                           **0**

76. **Adjusted Offense Level (Subtotal):**                                                                     **6**

77. **Multiple Count Adjustment:** Units are assigned pursuant to USSG §3D1.4(a), (b) and (c). One unit is assigned to the group with the highest offense level. One additional unit is assigned for each group that is equally serious or from 1 to 4 levels less serious.

      **Group/Count Adjusted Offense Level Units**

           Count 1  6  1.0 unit
           Count 2  6  1.0 unit

      **Total Number of Units:** 2.0

78. **Greater of the Adjusted Offense Levels Above:**     **6**

79. **Increase in Offense Level:** The offense level is increased pursuant to the number of units assigned by the amount indicated in the table at USSG §3D1.4.   **+2**

80. **Combined Adjusted Offense Level:** The Combined Adjusted Offense Level is determined by taking the offense level applicable to the Group with the highest offense level and increasing the offense level by the amount indicated in the table at USSG §3D1.4.   **8**

      **Acceptance of Responsibility**     **-2**

      **Sentencing Score**     **6**

# EXHIBIT B

## GOVERNMENT'S GUIDELINES CALCUATION

### Count Group 1 -- Making a False Writing: 18 USC § 1018

63. **Base Offense Level:** The guideline for 18 USC § 1018 offenses is found in USSG §2B1.1 of the guidelines. That section provides that an offense involving fraud has a base offense level of six. USSG §2B1.1(a)(2).   **6**

64. **Specific Offense Characteristics:** None.   **0**

65. **Victim Related Adjustment:** None.   **0**

66. **Adjustment for Role in the Offense:** None.   **0**

67. **Adjustment for Obstruction of Justice:** None.   **0**

68. **Adjusted Offense Level (Subtotal):**   **6**

### Count Group 2 -- Violation of the "Cooling Off Period": 18 USC § 207(f)(1)(B)

69. **Base Offense Level:** The guideline for a violation of 18 USC § 207(f)(1)(B) is USSG §2C1.3. That provision has a base offense level of six. The government concedes there were no gratuities, so the cross reference does not apply.   **6**

70. **Specific Offense Characteristics:** None.   **0**

71. **Specific Offense Characteristics:** None.   **0**

72. **Specific Offense Characteristics:** None.   **0**

73. **Victim Related Adjustment:** None.   **0**

74. **Adjustment for Role in the Offense:** None.   **0**

75. **Adjustment for Obstruction of Justice:** The defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct; or a closely related offense (specifically, by deleting emails and Encouraging Zuberi to Adopt a False Cover Story when he concealed information related to his relationship with Mr. Zuberi); therefore, two levels are added. USSG §3C1.1.   **+2**

76. **Adjusted Offense Level (Subtotal):**   **8**

77. **Multiple Count Adjustment:** Units are assigned pursuant to USSG §3D1.4(a), (b) and (c).  One unit is assigned to the group with the highest offense level.  One additional unit is assigned for each group that is equally serious or from 1 to 4 levels less serious.

    **Group/Count Adjusted Offense Level Units**

    Count 1   6   1.0 unit
    Count 2   8   1.0 unit

    **Total Number of Units:** 2.0

78. **Greater of the Adjusted Offense Levels Above:**     **8**

79. **Increase in Offense Level:** The offense level is increased pursuant to the number of units assigned by the amount indicated in the table at USSG §3D1.4.     +**2**

80. **Combined Adjusted Offense Level:** The Combined Adjusted Offense Level is determined by taking the offense level applicable to the Group with the highest offense level and increasing the offense level by the amount indicated in the table at USSG §3D1.4.     **10**

    **Acceptance of Responsibility**     **0**

    **Sentencing Score**     **10**