**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 22-cr-144-GMH |
| : | |
| RICHARD GUSTAVE OLSON, JR. : | |
| : | Judge G. Michael Harvey |
| : | |
| Defendant. : | |

**SUPPLEMENTAL MEMORANDUM FOR SENTENCING**
**ON BEHALF OF AMBASSADOR RICHARD B. OLSON, JR.**

Comes now Richard Gustave Olson Jr., through counsel HANNON LAW GROUP, LLP, and CLARK HILL, PLC, and respectfully presents this supplemental memorandum for the upcoming sentencing hearing on September 15, 2023. This memorandum briefly addresses two issues the Court intends to address at the sentencing hearing, and is presented in an effort to streamline the hearing.

**A.   AMB. OLSON'S OBJECTIONS TO THE PRESENTENCE REPORT**

Fed. R. Crim. P. 32(i)(3)(B) provides as follows:

At sentencing, the Court:

(B) must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.

The Government made no objections to the Presentence Report. Amb. Olson's objections appear at page 41 of the Presentence Report. The objections reported pertain to Paras. 1-72 of the Presentence Report. Amb. Olson suggests that the Court may address those objections in the following manner:

1

Paras. 1-8:  The comments by Amb. Olson regarding these paragraphs do not actually constitute objections or controverted facts; therefore, under Rule 32 the Court need not "rule" on these paragraphs and nothing contained in these paragraphs is relevant to sentencing.

Paras. 9-16:  These paragraphs were supplied to the Presentence Report Writer by AUSA Daniel O'Brien.  These paragraphs are intended to provide a background to the persons involved in the underlying conduct and the ethical standards that relate to the misdemeanor counts of the plea.  Amb. Olson has objected to the "editorializing" by AUSA O'Brien, and proposed that the statement of the offense be drawn exclusively from the plea agreement.  In its Memorandum Opinion and Order issued on August 3, 2023, this Court looked principally at the objective statement of the offense with which Amb. Olson agreed.  Therefore, Amb. Olson proposes that under  Rule 32 the Court need not "rule" on these paragraphs and nothing contained in these paragraphs is relevant to sentencing.  The Court may rely on the "editorializing" as Government allocution.

Paras. 17-24:   Similarly, these paragraphs were supplied to the Presentence Report Writer by AUSA Daniel O'Brien, as his effort to define the offense.  Amb. Olson has objected to the "editorializing" by AUSA O'Brien, proposed that the statement of the offense be drawn exclusively from the plea agreement, and presented argument as to whether the "editorializing" should affect any sentence.  Therefore, Amb. Olson proposes that under  Rule 32 the Court need not "rule" on these paragraphs and nothing contained in these paragraphs is relevant to sentencing.  The Court may rely on the "editorializing" as Government allocution.

Paras. 25-37:  These paragraphs were supplied to the Presentence Report Writer by AUSA Daniel O'Brien, as his effort to persuade the Presentence Report Writer and the Court to increase Amb. Olson's guidelines score based on a cross-reference to the gratuity statute.  The

Government subsequently withdrew its insistence on use of the cross-reference, and the Court similarly rejected the cross-reference at the hearing on July 7, 2023. Therefore, Amb. Olson suggests that the Court has already rejected the contentions of these paragraphs on the record and in writing.

Paras. 38-50: These paragraphs were supplied to the Presentence Report Writer by AUSA Daniel O'Brien as his description of facts related to the misdemeanor offense of violating the "Cooling-Off Period." Amb. Olson has objected to the "editorializing" by AUSA O'Brien, and proposed that the statement of the offense be drawn exclusively from the plea agreement. In its Memorandum Opinion and Order issued on August 3, 2023, this Court looked principally at the objective statement of the offense with which Amb. Olson agreed. Therefore, Amb. Olson proposes that under Rule 32 the Court need not "rule" on these paragraphs and nothing contained in these paragraphs is relevant to sentencing. The Court may rely on the "editorializing" as Government allocution.

Paras. 51-54: These paragraphs were supplied to the Presentence Report Writer by AUSA Daniel O'Brien as his description of false statements he alleged were made by Amb. Olson in an effort to persuade the Presentence Report Writer to enhance the guideline score. The Court heard argument on these allegations on July 7, 2023, and rejected the argument to increase the guidelines score based on these alleged false statements. At the hearing, the Government admitted it was not aware of any facts that would support an upward departure for false statements. Therefore, the Court has already made findings on these paragraphs on the record.

Paras. 62-72: These paragraphs contain Amb. Olson's objections to the guideline calculations contained in the Presentence Report. The Court has already addressed these contentions in writing in its Memorandum Opinion and Order of August 3, 2023.

## B.  SENTENCING FACTORS UNDER 18 U.S.C. § 3553

The Court has indicated that it will address the sentencing factors under 18 U.S.C. § 3553 at the sentencing hearing.  The Court must impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).  We note first, the factors are considered for a departure [up or down] only if the court finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b).  The Government has not asked the Court to depart upward, and the Government has not attempted to demonstrate the sentence should not be in the "heartland" of the guidelines.  ("In determining whether a circumstance was adequately taken into consideration [under the guidelines], the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." *Id*.).

Therefore, the appropriate consideration for the Government's arguments on the factors is actually governed by 18 U.S.C. § 3661, which provides "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

The Government has previously argued its position on the relevance of the sentencing factors at pages 26-36 of its initial Sentencing Memorandum [ECF No. 39].  The Government contended Amb. Olson has a history of accepting "unethical gifts"; has not demonstrated remorse; should be sentenced to avoid alleged sentencing disparities; and, to afford deterrence.  The Government later retreated from some of this, conceding that Amb. Olson should receive a

downward departure for acceptance of responsibility. Amb. Olson responded to these arguments at pages 12-19 of ECF No. 43. There is no history of accepting gifts, and the other arguments conflict with our view that Congress has mandated a probationary sentence for a non-violent, first-time offender, as we discussed in our initial Sentencing Memorandum.

      WHEREFORE, counsel for Amb. Olson respectfully request that the Court impose a sentence of one year's probation with only mandatory conditions under USSG § 5B1.3. Conditions of Probation.

Dated: September 14, 2023                Respectfully submitted,

                                                  HANNON LAW GROUP, LLP

                                                  *s/J. Michael Hannon*
                                                  J. Michael Hannon, #352526
                                                  1800 M Street, NW, Suite 850S
                                                  Washington, DC 20036
                                                  Tel: (202) 232-1907
                                                  Fax: (202) 232-3704
                                                  jhannon@hannonlawgroup.com

                                                  CLARK HILL, PLC

                                                  *s/Russell D. Duncan*
                                                  Russell D. Duncan
                                                  1001 Pennsylvania Ave. Suite 1300 South
                                                  Washington, DC 20004
                                                  (202) 640-6637
                                                  rduncan@clarkhill.com

                                                  *Attorneys for Defendant Richard Gustave Olson, Jr.*